UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

MONTE S. LEACH,

                      Plaintiff,

      v.

CITY OF NEW YORK,

                      Defendant.

**MEMORANDUM AND ORDER**

20-CV-854 (LDH)(JRC)

L<small>A</small>SHANN D<small>E</small>ARCY HALL, United States District Judge:

    Monte S. Leach ("Plaintiff"), proceeding pro se, brings the instant action against the City of New York ("Defendant") pursuant to 42 U.S.C. § 1983, asserting claims for false arrest, false imprisonment, and malicious prosecution. Defendant moves to dismiss Plaintiff's complaint in its entirety pursuant to Federal Rule of Civil Procedure 12(b)(6).

## BACKGROUND[1]

    Plaintiff claims that on November 12, 2015,[2] he bumped into a man named John Musto while Plaintiff was walking in a large crowd that had just exited a train station in the Long Island City neighborhood of Queens. (Compl. at 4, 7, ECF No. 2.[3]) Plaintiff apologized to Musto and

---

[1] The following facts taken from the complaint are assumed to be true for the purpose of this memorandum and order, unless otherwise stated. Generally, a court may not consider matters outside the pleadings on a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6). *See Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007). However, documents attached to the complaint or incorporated therein by reference are deemed part of the pleading and may be considered. *Id*. Moreover, a "document 'upon which [the complaint] *solely* relies and which is *integral to the complaint* may be considered' by the court in ruling on such a motion.'" *Id*. (quoting *Cortec Indus., Inc. v. Sun Holding L.P.*, 949 F.2d 42, 47 (2d Cir. 1991)) (emphasis in original). Finally, matters of public record may be properly considered, *see Blue Tree Hotels Inv. (Can.), Ltd. v. Starwood Hotels & Resorts Worldwide*, 369 F.3d 212, 217 (2d Cir. 2004), and the Court is permitted to reject those allegations that are contradicted by matters of public record, *see Fowlkes v. Rodriguez*, 584 F. Supp. 2d 561, 574–75 (E.D.N.Y. 2008).

[2] The City of New York claims, based on public record, that the incident Plaintiff describes in the complaint occurred on November 21, 2015. (Def.'s Mem. Supp. Mot. to Dismiss ("Def's Mem.") at 1, ECF No. 36.)

[3] When citing to the complaint, the Court refers to the page number of the PDF.

explained that his brace and walking cane made it more difficult to maneuver through the crowd. (*Id.* at 7.) While Plaintiff was apologizing, Musto "jumped in [Plaintiff's] face" and accused him of spitting on Musto. (*Id.*) Plaintiff disputed this accusation and said, if he spat, it was an accident. (*Id.*) Thereafter, Musto grabbed Plaintiff and a "street brawl" ensued. (*Id.* at 4) Plaintiff managed to fight off Musto, and suffered injuries while doing so. (*Id.* at 4–5.) Because Musto continued to push, shove, and otherwise "menac[e]" Plaintiff, Plaintiff went into a nearby grocery store and asked employees to call the police. (*Id.* at 6.)

When the police arrived, one New York Police Department officer ("Officer 1") spoke with Plaintiff, and another ("Officer 2") spoke with Musto. (*Id.* at 7–8.) Plaintiff told Officer 1 what had occurred and asked that Musto be arrested and charged with assault. (*Id.* at 8.) The two officers then, together, spoke with Musto, after which Officer 1 went back to Plaintiff and asked if he wanted to add anything to his story. (*Id.*) Plaintiff told Officer 1 that Musto's breath smelled like alcohol. (*Id.*) Officer 1 responded that "it appears to him that . . . 'Musto seems to have gotten the worst of the deal.'" (*Id.*) Officer 1 then arrested Plaintiff, over Plaintiff's protest. (*Id.* at 9.)

Plaintiff claims he was first told that he would be charged with assault in the third degree, and later that he would be charged with assault in the second degree. (*Id.*) He claims he was arraigned the same day but does not specify the charge. (*Id.*) Plaintiff further claims that he was detained until May 16, 2017, when he was "found not guilty (after trial) of all charges, stemming from [his] [f]alse [a]rrest." (*Id.*) In fact, according to an indictment filed January 22, 2016, Plaintiff was charged with attempted assault in the second degree, assault in the third degree, and harassment in the second degree. (*See* Decl. of Mostafa Khairy ("Khairy Decl."), Ex. B at 1 ("Indictment"), ECF No. 35-2.). And, according to a certificate of disposition dated June 3,

2

2021, Plaintiff was found guilty of harassment in the second degree on May 16, 2017, and sentenced to 15 days of imprisonment. (Khairy Decl., Ex. C at 1 ("Certificate of Disposition"), ECF No. 35-3.)

## STANDARD OF REVIEW

To withstand a Rule 12(b)(6) motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the alleged facts allow the court to draw a "reasonable inference" of a defendant's liability for the alleged misconduct. *Id*. While this standard requires more than a "sheer possibility" of a defendant's liability, *id*., "[i]t is not the Court's function to weigh the evidence that might be presented at trial" on a motion to dismiss, *Morris v. Northrop Grumman Corp.*, 37 F. Supp. 2d 556, 565 (E.D.N.Y. 1999). Instead, "the Court must merely determine whether the complaint itself is legally sufficient, and, in doing so, it is well settled that the Court must accept the factual allegations of the complaint as true." *Id*. (citations omitted).

Moreover, where, as here, a plaintiff proceeds pro se, his pleadings "must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)). A pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Boykin v. KeyCorp*, 521 F.3d 202, 213–14 (2d Cir. 2008) (quoting *Erickson v. Pardus*, 55 U.S. 89, 94 (2007) (per curiam)).

**DISCUSSION**

Plaintiff seeks damages pursuant to 18 U.S.C. § 1983, claiming Defendant falsely arrested, falsely imprisoned,[4] and maliciously prosecuted him, all in violation of his Fourth Amendment right to due process. (*See generally* Compl.) To maintain a § 1983 claim, a plaintiff must allege, among other things, that "the conduct complained of [was] committed by a person acting under color of state law" and that such conduct deprived him of rights, privileges or immunities secured by the Constitution or laws of the United States. *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994). Here, Plaintiff has named the City of New York as a defendant but fails to name any individual responsible for the alleged deprivation of rights. For this reason alone, Plaintiff's § 1983 claims must be dismissed.

Even if Plaintiff had properly alleged his § 1983 claims against an individual acting under color of state law, Defendant maintains that the claims would nevertheless be ripe for dismissal under *Heck v. Humphrey*, 512 U.S. 477 (1994). The Court agrees.

In *Heck v Humprhey*, the Supreme Court held that "in order to recover damages for [an] allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 486–87. This is so, as the Supreme Court reasoned, because to find otherwise would effectively allow a convicted criminal defendant to collaterally attack a conviction through a civil suit. *Id*. at 484.

---

[4] False arrest is nearly synonymous with false imprisonment, with the only difference being that false arrest is an unlawful detention or confinement brought about by means of an arrest rather than in some other way. *See, e.g.*, *Bond v. City of New York*, No. 14-CV-2431, 2015 WL 5719706, at *2 n.2 (E.D.N.Y. Sept. 28, 2015). Therefore, the Court analyzes those two claims together.

Here, Plaintiff alleges that he was found "not guilty of all charges" brought against him in connection with his November 15, 2015 arrest. (Compl. at 9.) If true, the alleged not guilty verdict would defeat any argument under *Heck*. However, Defendant has proffered evidence that conclusively demonstrates that Plaintiff's allegation in this regard is simply untrue. Specifically, the Indictment filed January 22, 2016, identifies Plaintiff as a defendant in a criminal action in the Queens County New York Supreme Court. (*See* Indictment.) Each charge in the indictment relates to the November 21, 2015 incident. (*Id.*) Moreover, the Certificate of Disposition of the Indictment dated June 3, 2021, indicates that Plaintiff was found guilty of second-degree harassment.[5] Were Plaintiff to somehow prevail on his false arrest, false imprisonment, or malicious prosecution claim, it would necessarily render his May 16, 2017 conviction and related sentence invalid. *See, e.g.*, *Chapman v. Fais*, 540 F. Supp. 3d 304, 309 (E.D.N.Y. 2021) (holding false arrest, false imprisonment, and malicious prosecution claims would imply the invalidity of conviction and sentence contrary to *Heck*); *Martinez v. DeMarco*, No. 13-cv-4209, 2018 WL 1115150, at *1 (E.D.N.Y. Feb. 26, 2018) (holding malicious prosecution claim would imply the invalidity of conviction and sentence contrary to *Heck*); *Williams v. Deighan*, No. 05-cv-5596, 2008 WL 4534013, at *1 (E.D.N.Y. Oct. 8, 2008) (holding false arrest claim would imply the invalidity of conviction and sentence contrary to *Heck*). This, of course, is the exact outcome proscribed by *Heck*. Thus in the absence of any true allegation that the conviction was overturned, Plaintiff's § 1983 claims must be dismissed. *See Heck*, 512 U.S. at 490.[6]

---

[5] Both documents are matters of public record for which the Court make take judicial notice on a motion to dismiss. *See Blue Tree Hotels*, 369 F.2d at 217; *See also Fowlkes*, 584 F. Supp. 3d at 574–75 (taking judicial notice of State of New York Board of Examiners of Sex Offenders memo containing fact contradicting complaint and subsequently rejecting allegation contradicted by memo).

[6] The Court acknowledges the debate concerning *Heck*'s applicability against a litigant who is not a prisoner or otherwise did not have an opportunity to assert constitutional claims in federal court through a habeas petition. *See Chapman v. Fais*, 540 F. Supp. 3d 304, 307 (E.D.N.Y. 2021) ("The Second Circuit has not squarely determined whether *Heck* applies once a plaintiff is no longer in custody, and the issue remains controversial."). However, the

5

Finally, having dismissed Plaintiff's § 1983 claims, the *Monell* claim must fail as well. *See Morales v. City of New York*, 752 F.3d 234, 238 (2d Cir. 2014) ("[H]aving properly dismissed Morales's underlying constitutional claims against the individual NYPD defendants, the District Court also properly dismissed his claim against the City and the NYPD for municipal liability under *Monell*.").[7]

## CONCLUSION

For the reasons set forth above, Plaintiff's complaint is dismissed in its entirety. The Court certifies pursuant to 28 U.S.C.A. § 1915(a)(3) that any appeal from this Order would not be taken in good faith; therefore, in forma pauperis status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962). The Clerk of Court is respectfully DIRECTED to send a copy of this order by certified mail, return receipt requested, to pro se Plaintiff at his address of record.

SO ORDERED.

Dated: Brooklyn, New York
       September 26, 2022

/s/ LDH
L<small>A</small>SHANN D<small>E</small>ARCY HALL
United States District Judge

---

Court agrees with the reasoning in *Chapman* that a § 1983 plaintiff's failure to "seek relief from his conviction by way of a state appeal, a state collateral proceeding, or federal habeas corpus" is "good reason to apply *Heck*." *Id.* Here, there is no indication that Plaintiff appealed his conviction or that he sought to vacate that conviction, which counsels in favor of applying *Heck*.

[7] Defendant asserts other grounds for dismissal, but the Court need not reach them in light of the Court's holding.